[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Albert E. Johnson and Janet M. Erskine brought this action against the defendant on a claim of fraudulent nondisclosure in the purchase of a residential home located at 193 Main Street North, Bethlehem, Connecticut, from the defendant, Marion C. LeBreux. A second count based upon a claim of unfair trade practice was not pursued and accordingly is dismissed.
In the latter part of 1988, the defendant Marion C. LeBreux entered into a real estate listing agreement with George C. Brower of Brower Real Estate, Bethlehem, Connecticut. The listing agreement was for the sale of her property. In the course of completing the listing agreement with Mr. Brower, Mrs. LeBreux made certain representations regarding the subject premises. She represented the property to be a two-family dwelling, with a basement or in-law apartment on the property. In the course of general questioning by Mr. Brower, Mrs. LeBreux indicated that the well system, the septic system, the roof and the drainage system were all in working and functional condition.
In late 1988, the plaintiffs Albert E. Johnson and Janet M. Erskine became interested in the subject property and requested information from CT Page 10545 Brower Real Estate. Subsequently, Mr. Johnson and Ms. Erskine met, on one or more occasions with Mrs. LeBreux, in order to discuss various aspects of the subject property. In the course of questioning by Mr. Johnson, Mrs. LeBreux indicated that the well, electrical, septic and drainage systems were in working order. At one point in time, Mr. Johnson specifically asked the defendant about a water seepage problem in the basement of the property. This questioning came after Mr. Johnson was informed by a third party that the subject premises had a water problem in the basement.
Despite the inquiries by the plaintiffs, regarding specific and general aspects of the subject property, the defendant maintained that the property was in good condition. The defendant testified that the only water problem that she had on the premises, was a problem involving the water tank and/or well system, which problem she revealed to the plaintiffs.
On February 10, 1989, the plaintiffs and the defendant entered into a contract for the sale and purchase of 193 North Main Street for $175,000.00. The contract provided in part that "Buyer to check well and septic to be sure they are up to standard . . . To be checked by February 25, 1989." In addition, it provided as follows:
 The Buyer further agrees that he has examined the premises; that he is fully satisfied with the physical condition thereof, and that neither the Seller nor any representative of the Seller has made any representation or promise upon which the Buyer has relied concerning the condition of the property covered by this sale, and agree that this contract constitutes the entire contract between the parties hereto and that no oral statements or understandings not embodied in this writing shall be valid.
At the time when the plaintiffs inspected the premises, personally, it was winter season and the ground was frozen with snow thereon. At the time of the inspections, there was no noticeable leakage from the septic system. The plaintiffs did not either in February or after the spring thaw engage a professional inspection. At the suggestion of the realtor, in April, of 1989, the defendant, Marion C. LeBreux, engaged the services of Gillette Sanitary Septic Service to have the septic tank pumped. These services occurred a couple of weeks prior to the scheduled closing date which took place on May 5, 1989.
Subsequent to the purchase of the property the plaintiffs claim that they became aware of a water seepage problem in the basement and basement apartment areas, found the septic system to be defective and needing of major repairs, and the roof to be defective and leaking in several areas causing water spots upon the interior ceilings of the property.
The defendant and her husband built the house in about 1965 and CT Page 10546 she lived there for twenty five years. During those years except for minor incidences there were no water or septic problems. There was a broken water pipe outside the foundation which was disclosed to the buyer, Mr. Johnson. In addition, there had been a leak over the TV set in 1982 which was repaired.
Based upon the evidence, the court finds that the plaintiffs have failed to sustain their burden to prove a claim of fraud, Mrs. LeBreux made no false representation as a statement of fact. Miller v. Appleby, 183 Conn. 51. The court further finds that any problems with the house disclosed by the defendant.
For the reasons stated, judgment may enter for the defendant with costs.
PICKETT, J.